UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

       *Plaintiff,*                     Case No.: 18-cv-00571-EAW

    - vs. -

JOHN DOE subscriber assigned IP address
69.204.6.161,

        *Defendant.*

## DECLARATION OF PARKER R. MacKAY

**PARKER R. MacKAY, ESQ.**, under penalty of perjury and in accordance with 28

U.S.C. § 1746, states and declares that the following is true and correct:

1.       I represent Defendant John Doe subscriber assigned IP address 69.204.6.161.

2.       Attached hereto as **<u>Exhibit A</u>** is a true and accurate copy of Plaintiff's subpoena

returnable October 22, 2018, the accompanying August 28, 2018 Decision and Order of the

Court, and Spectrum cover letter dated September 25, 2018 with Defendant's actual name and

address redacted.

3.       I have reviewed the unredacted copy of the Spectrum cover letter and confirm that

the true identity of John Doe subscriber assigned IP address 69.204.6.161 appears on the first

page, and that s/he is the defendant whom I represent in connection with the motion filed herein.

4.       Upon information and belief, the source being conversations with Defendant, s/he

did not reside at the address listed in the unredacted Spectrum cover letter either at the date and

time specifically delineated in the subpoena or at any time period alleged in the complaint.  In

fact, s/he did not move to that address until mid-April 2018.

5.      Upon further information and belief, Defendant has no idea why Spectrum associates his/her name with that address at those points in time, but s/he maintains that s/he did not have an internet account through Spectrum at that address during those points in time.

Executed on October 8, 2018

     s/Parker R. MacKay
     PARKER R. MacKAY

# EXHIBIT A



Charter Communications, Inc.
Legal Department
12405 Powerscourt Drive
St. Louis, Missouri 63131
P: (314) 394-9702 / F: (314) 909-0609

September 25, 2018



**IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY**

## <u>OBJECTION DEADLINE</u>

# October 9, 2018 at 4:00 pm CST

### References Used in this Notice

- Court Case: Strike 3 Holdings, LLC (the "Plaintiff") v. John Doe, Case No. 1:18-cv-00571-EAW
- Court: United States District Court for the Western District of New York
- Copyrighted Work: Title Unknown
- Identifying Information: Accountholder Name, Address, IP log
- Charter Communications, Inc. Case Number: 62012
- Your ID Number: 1

Dear Sir or Madam:

Charter has received a file sharing subpoena from attorneys for the Plaintiff seeking certain information about your Charter Internet Account ("Account"), including your contact information and the identifying information listed above. The Court has issued an order requesting Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy at Spectrum.com/browse/content/your-privacy-rights. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records **<u>unless you formally oppose disclosure in the Court by the objection deadline stated above.</u>** Copies of the court order and subpoena are attached, as well as any other documentation that may have been court-ordered to be provided with this notice.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address- Modem MAC- CPE MAC- IP Lease Start Time- IP Lease End Time.

███████████████████████████████████████████████████████████

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BY NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal- File-Sharing Team" via facsimile at (314) 909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION, CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

Please note that the objection deadline provided in this letter and the due date on the subpoena may not coincide as Charter may have been granted an extension to fulfill its obligations under this court order.

Questions regarding your legal rights should be directed to the attorney of your choice. If you or your attorney has questions regarding the subpoena itself, you should contact the requestor directly. If you have any questions regarding your Account, Charter's policies or this correspondence, you should review the attached FAQs or the named accountholder may call Charter's LEROC Department at **(314) 394-9702** between the hours of 8:00 am through 5:00 pm, Central Standard Time, Monday through Friday. Please have this letter in hand if you call. You will be asked to confirm information contained herein.

Sincerely,

**Charter Communications, Inc.**

Enclosures

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>*Plaintiff*<br><br>v.<br><br>John Doe subscriber assigned IP address<br>69.204.6.161,<br><br>*Defendant.* | Civil Action No.: 1:18-cv-00571-EAW |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Charter Communications, Inc./Spectrum
c/o   Legal Compliance
      12405 Powerscourt Dr.
      St. Louis, MO 63131
      T: (314) 394-9702
      F: (314) 909-0609
      Email: leroc@charter.com

**Serve: Via Upload to Legal Response Portal**

    [X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlines by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 69.204.6.161 | 03/18/2018 06:01:49 |

| | | |
|---|---|---|
| **Attn:** | **Jacqueline M. James, Esq.** | **Date and Time:** |
| Place: | The James Law Firm, PLLC<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601<br>T: (914) 358-6423<br>F: (914) 358-6424<br>Email: jjameslaw@optonline.net | October 22, 2018 @ 5:00 PM EST |

    [ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/07/2018

CLERK OF COURT

OR

_____          /s/ Jacqueline M. James
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

Jacqueline M. James, Esq.
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102, White Plains, NY 10601
T: (914) 358-6423; F: (914) 358-6424; Email: jjameslaw@optonline.net

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                    Plaintiff,

          v.

JOHN DOE subscriber assigned IP address
69.204.6.161,

                    Defendant.

**DECISION AND ORDER**

1:18-CV-00571 EAW

## INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on May 17,

2018, alleging that Defendant downloaded and distributed Plaintiff's motion pictures in

violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*

(Dkt. 1). Presently before the Court is Plaintiff's June 14, 2018, *ex parte* motion for leave

to serve a third party subpoena prior to a Rule 26(f) conference. (Dkt. 4). Specifically,

Plaintiff seeks to serve a subpoena pursuant to Fed. R. Civ. P. 45 on Defendant's internet

service provider ("ISP"), Spectrum (Time Warner Cable) (hereinafter, "Spectrum"), so that

Plaintiff may learn the name and address of Defendant in order to serve Defendant with

Plaintiff's complaint. (Dkt. 5 at 4-5). For the following reasons, Plaintiff's motion is

granted.

- 1 -

**DISCUSSION**

I.   **Third-Party Subpoena Prior to Rule 26(f) Conference**

Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . ." Fed. R. Civ. P. 26(d)(1). However, discovery will be permitted in advance of a Rule 26(f) conference when it is "authorized . . . by court order." *Id.* "This is generally viewed as requiring a showing of good cause." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012).

Factors to consider in determining whether there is good cause for the disclosure of a defendant's information through an ISP include: "'(1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information.'" *Rotten Records, Inc. v. Doe*, 107 F. Supp. 3d 257, 258-59 (W.D.N.Y. 2015) (quoting *Catlin v. Global*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014)).

A.   *Prima Facie* **Claim of Copyright Infringement**

Here, accepting the allegations in Plaintiff's complaint as true for the purposes of this motion, Plaintiff has made a showing of a *prima facie* claim of copyright infringement. "A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

- 2 -

Plaintiff has alleged ownership of motion pictures (the "Works") and that the Works have "either been registered with the United States Copyright Office or have pending copyright registrations." (Dkt. 1 at ¶¶ 31, 35). Plaintiff has also alleged that Defendant "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶¶ 36-37). According to Plaintiff, its investigator, IPP International U.G. ("IPP"), "established direct TCP/IP connections with Defendant's IP address . . . while Defendant was using the BitTorrent file distribution network," and "[w]hile Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing [the Works]. . . ." (*Id.* at ¶¶ 24-25). Plaintiff alleges that "[a] full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant." (*Id.* at ¶ 26). Plaintiff further alleges that Defendant's infringement is "continuous and ongoing." (*Id.* at ¶ 30).

Plaintiff's allegations are sufficient at this juncture to establish a *prima facie* case of copyright infringement against Defendant. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (finding *prima facie* case where plaintiff alleged that it was registered owner of the copyrights and that defendant downloaded, copied and distributed complete copies).

### B.     Specific Discovery Request

Plaintiff has also met the specificity requirement, insofar as Plaintiff seeks the name

and address of the individual assigned IP address 69.204.6.161 for the limited purpose of

enabling Plaintiff to identify and serve process on Defendant. (Dkt. 5 at 10).

### C.     Absence of Alternative Means and Need for Subpoenaed Information

BitTorrent's appeal to users is "the large degree of anonymity it provides." *UN4*

*Prods., Inc. v. Doe-173.68.177.95*, No. 17CV3278PKCSMG, 2017 WL 2589328, at *3

(E.D.N.Y. June 14, 2017). "Absent a Court-ordered subpoena, many of the ISPs, who

qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited

by 47 U.S.C. § 551(c) from disclosing the identities of [the defendants] to Plaintiff."

*Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172(PAE), 2012 WL 8282825, at *3

(S.D.N.Y. Feb. 1, 2012). "Thus, without granting Plaintiff's request, [Defendant] cannot

be identified or served and the litigation cannot proceed. Additionally, expedited discovery

is necessary to prevent the requested data from being lost forever as part of routine

deletions by the ISPs." *Id.* (finding good cause to issue a Rule 45 subpoena on this basis).

Accordingly, Plaintiff has satisfied the third and fourth factors of the analysis.

### D.     Expectation of Privacy

Finally, Plaintiff's interest in learning Defendant's name and address outweighs

Defendant's privacy interest. *See Arista Records LLC v. Doe*, 604 F.3d 110, 124 (2d Cir.

2010) ("[W]e regard Doe 3's expectation of privacy for sharing copyrighted music through

an online file-sharing network as simply insufficient to permit him to avoid having to

defend against a claim of copyright infringement.").

- 4 -

In sum, good cause exists for immediate discovery in this case by way of a third-party subpoena served on Spectrum to enable Plaintiff to ascertain the name and address of Defendant to effectuate service upon Defendant.

## II.   Protective Order

Pursuant to Federal Rule of Civil procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Plaintiff states that it does not oppose such procedural safeguards in this case, including allowing Defendant to proceed anonymously. (Dkt. 5 at 12-13).

In similar cases, courts have issued protective orders due to the possibility that "many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals" who downloaded and distributed the content in question. *Digital Sin*, 279 F.R.D. at 242; *see also Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-02651-AJN, 2018 WL 2229124, at *3 (S.D.N.Y. Apr. 25, 2018) (issuing a protective order for same reasons). "The risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants, such as individuals who want to avoid the embarrassment of having their names publicly associated" with the allegations in this type of case. *Digital Sin*, 279 F.R.D. at 242 (internal quotation marks omitted).

Accordingly, on at least a temporary basis and until such time that Defendant and any other interested party has an opportunity to be heard, the Court will issue a protective order to the extent that any information regarding Defendant released to Plaintiff by Spectrum shall be treated as confidential until further order of the Court.  The protective

order, published below, in sum and substance protects against the public disclosure of

Defendant's name until further order of the Court.

## CONCLUSION

IT IS HEREBY ORDERED that:

1.      Plaintiff may serve Spectrum with a Rule 45 subpoena commanding

Spectrum to provide Plaintiff with the true name and address of Defendant assigned IP

address 69.204.6.161. Plaintiff is expressly not permitted to subpoena Spectrum for

Defendant's email addresses or telephone numbers. The subpoena shall have a copy of

this Order attached.

2.      Plaintiff may also serve a Rule 45 Subpoena in the same manner as above on

any service provider that is identified in response to a subpoena as a provider of internet

services to Defendant.

3.      If Spectrum or any other recipient of a subpoena qualifies as a "cable

operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

(A)     who provides cable service over a cable system and directly or
        through one or more affiliates owns a significant interest in such cable
        system, or

(B)     who otherwise controls or is responsible for, through any
        arrangement, the management and operation of such a cable system[,]

then it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the
disclosure is . . . made pursuant to a court order authorizing such disclosure,
if the subscriber is notified of such order by the person to whom the order is
directed[,]

by sending a copy of this Order to Defendant.

     4.     Spectrum shall not assess any charge in advance of providing the information requested in the subpoena. If Spectrum elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

     5.     Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely by Plaintiff for the purpose of protecting its rights as set forth in its complaint, shall be kept confidential and not publicly filed, and the Court authorizes Plaintiff to use initials of Defendant's first and last name in any public filing, until further order of the Court.

     SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: August 28, 2018
       Rochester, New York