UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address
69.204.6.161,

        Defendant.
_____

**DECISION AND ORDER**

1:18-CV-00571 EAW

## **INTRODUCTION**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on May 17, 2018, alleging that defendant John Doe subscriber assigned Internet Protocol ("IP") address 69.204.6.161 ("Defendant") downloaded and distributed Plaintiff's motion pictures ("the Works") in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (Dkt. 1).

Presently before the Court is Defendant's motion to quash a third-party subpoena directed to Defendant's Internet Service Provider ("ISP") pursuant to the Court's August 28, 2018, Decision and Order (Dkt. 10) ("Protective Order"), which Defendant also seeks to vacate (Dkt. 12). Defendant alternatively requests that, if the motion to quash/vacate is denied s/he be permitted to proceed anonymously in the litigation. (Dkt. 12-2 at 15-16). Also pending before the Court is Plaintiff's motion for an extension of time to file and effectuate service on Defendant. (Dkt. 11).

- 1 -

For the reasons that follow, the Court denies Defendant's motion to quash/vacate, grants in part and denies in part Defendant's request to proceed anonymously, and grants Plaintiff's motion for an extension of time.

## BACKGROUND

The following alleged facts are taken from the Complaint and assumed to be true for the purposes of the pending motions. Plaintiff is an adult film company that operates subscription-based websites where paying viewers can watch its Works. (Dkt. 1 at ¶¶ 2, 13). Plaintiff also licenses its Works to broadcasters and sells them as DVDs. (*Id.* at ¶ 14). However, its Works are also often illegally downloaded by people using a BitTorrent file network. (*Id.* at ¶¶ 16, 23). BitTorrent is a system designed to quickly distribute large files such as movies over the internet. (*Id.* at ¶ 17). Users of BitTorrent connect to the computers of other BitTorrent users to simultaneously upload and download pieces of a file to and from other users. (*Id.*). The user first obtains a torrent file that contains instructions for identifying the internet addresses of other BitTorrent users with the file, as well as for downloading the movie. (*Id.* at ¶ 18). After the user downloads pieces of the file from the other BitTorrent users, the file gets automatically reassembled into its original form. (*Id.*).

Plaintiff used an investigator to discover IP addresses where its Works were downloaded using BitTorrent (*id.* at ¶¶ 23-27), and then used geolocation technology to determine the general regional location of the IP addresses (*id.* at ¶ 9). One of these IP addresses was allegedly Defendant's. (*Id.* at ¶¶ 24-27). On May 17, 2018, Plaintiff filed the instant lawsuit against Defendant (Dkt. 1), but was unable to serve the Complaint

because while Defendant's alleged IP address and general location are known, her/his name and physical address are not.

Plaintiff moved *ex parte* for leave to serve a third-party subpoena on Defendant's ISP so that Plaintiff could learn the name and address of Defendant and properly serve her/him. (Dkt. 4). On August 28, 2018, the Court granted Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45. (Dkt. 10).

After receiving notice of the subpoena from her/his ISP (Dkt. 12-1 at 4-5), on October 9, 2018, Defendant filed a motion to quash the subpoena and vacate the Court's Protective Order (Dkt. 12), and a request to proceed anonymously in the litigation if the motion is denied (Dkt. 12-2 at 15-16). Plaintiff submitted its reply on October 30, 2018 (Dkt. 14), and also filed a motion for an extension of time to file and effectuate service on Defendant. (Dkt. 11).

## DISCUSSION

### I. Motion to Quash/Vacate

#### A. Legal Standard

##### 1. Motion to Quash Subpoena

Rule 45 provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation omitted); *see Kingsway Fin.*

*Servs., Inc. v. Pricewaterhosue-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome."). Factors that should be considered when determining whether to grant a motion to quash based on a qualified privilege protecting anonymity include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quotation, alterations, and citation omitted). Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016) ("*Malibu No. 14-CV-4808*").

### 2. <u>Motion to Vacate Court Order</u>

Rule 60 allows a court to relieve a party "from a final judgment, order, or proceeding" for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A party seeking relief pursuant to Rule 60(b)(6) is required to show that "the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and that "there are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)); *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("In this case, however, petitioner's Rule 60(b)(6) motion fails to set forth an 'extraordinary circumstance' justifying relief."); *Stevens v. Miller*, 676 F.3d 62,

67 (2d Cir. 2012) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief."). Additionally, Rule 60(b) only applies to final orders—it does not provide relief from an interlocutory order. *See, e.g., Byrne v. Liquid Asphalt Sys., Inc.*, 250 F. Supp. 2d 84, 87 (E.D.N.Y. 2003) ("Rule 60(b) does not offer relief from interlocutory orders. . . .").

### B. Standing

Although the subpoena at issue is directed to a third party and not Defendant, Defendant argues that s/he has standing to bring a motion to quash because of her/his privacy interest in the requested identifying information. (Dkt. 12-2 at 7). Plaintiff does not contest Defendant's standing, and the Court finds Defendant has a privacy interest in this litigation and consequently standing to move to quash the subpoena.

The party moving to quash a subpoena must have standing. *KGK Jewelry LLC v. ESDNetwork*, No. 11-CV-9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (collecting cases). "[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). If a party moves to quash a subpoena directed at a nonparty, "the claim of privilege or right must be personal to the movant," not the nonparty the subpoena was served on. *See Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09 Civ. 5843(JFK)(KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010).

"[T]he use of [peer-to-peer] file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 563-65 (S.D.N.Y. 2004); *see Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810(ER), 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) (recognizing "a limited First Amendment privacy interest in anonymous internet usage, including the use of peer-to-peer file sharing networks"); *see also Arista Records*, 604 F.3d at 119 (discussing the defendant's express acknowledgment that "[t]he First Amendment right to communicate anonymously is, of course, not a license to . . . infringe copyrights. . . . Nor is it an absolute bar against disclosure of one's identity in a proper case"). Additionally, "[t]he Second Circuit has recognized that an individual may challenge a subpoena directed at his ISP in order to preserve his anonymity." *Malibu Media, LLC v. Doe*, No. 15-cv-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) ("*Malibu No. 15-cv-3147*"); *see Arista Records*, 604 F.3d at 118 ("To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity."). Defendant is seeking to protect her/his personal information from being disclosed by the ISP in order to maintain anonymity. Therefore, Defendant has standing to bring the instant motion to quash.

C. **Undue Burden**

Defendant argues that production of Defendant's identifying information constitutes an undue burden. (Dkt. 12-2 at 7). The Court finds that Defendant is not unduly burdened by the subpoena.

Courts consider the following factors when making the undue burden determination: (1) relevance; (2) the party's need for the information; (3) the breadth of the request; and (4) the burden imposed. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). "Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." *Malibu No. 15-cv-3147*, 2016 WL 5478433, at *3; *see Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) ("*Malibu No. 12-CV-2950*") (collecting cases). In other words, the undue burden contemplated by Rule 45 relates to the "burden of production on the *recipient* of a subpoena." *Malibu No. 15-cv-3147*, 2016 WL 5478433, at *3 (emphasis added).

Defendant contends that the subpoena is burdensome to her/him because Plaintiff's alleged history of a sue-and-withdraw business model "forces Defendant to expend resources defending a lawsuit that Plaintiff has no intention of actually litigating." (Dkt. 12-2 at 7). The Court finds that Defendant's concerns have no application in the undue burden analysis because the burden of complying with the subpoena is on the third-party ISP. *Malibu No. 12-CV-2950*, 2012 WL 5987854, at *2 (holding the defendant's "concerns have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party"); *see Strike 3 Holdings, LLC v. Doe*, No. 17-CV-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) ("*Strike 3, No. 17-CV-9659*") ("Because the subpoena does not obligate Defendant to do or produce anything, Defendant cannot object to the subpoena on the grounds that it would constitute an undue burden." (quotation and citation omitted)); *Malibu No. 15-cv-3147*, 2016 WL 5478433, at *3

("Because the subpoena does not obligate Defendant to do or produce anything, he cannot be unduly burdened."). Consequently, Defendant is not subjected to an undue burden by the subpoena and the Court denies the motion to quash on this ground.

### D. Failure to State a Claim

Alleging the Complaint fails to state a valid copyright infringement claim, Defendant argues that the Court should, under Rule 60(b)(6), reconsider its prior finding that the Complaint alleges a *prima facie* case of such a claim. (Dkt. 12-2 at 8). Rule 60(b) does not apply to interlocutory orders, and discovery orders are interlocutory. *Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 223 (N.D.N.Y. 1999) ("This Court's prior Order regarding a discovery issue was interlocutory in nature and, thus, not within the ambit of Rule 60."); *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068(JFK), 2009 WL 1739893, at *2 n.1 (S.D.N.Y. June 16, 2009) ("By its express terms, Rule 60(b) applies only to final orders and not interlocutory ones. Since the discovery orders at issue here are interlocutory orders, Rule 60(b) has no application." (citations omitted)). This Court's Protective Order granting Plaintiff's *ex parte* motion to serve a third-party subpoena was an order authorizing discovery issued pursuant to Rule 26(d)(1). (Dkt. 10 at 2); *see* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."). Therefore, it was an interlocutory discovery order to which Rule 60(b) does not apply.

Even if the Court were inclined to reconsider its initial determination that Plaintiff made a showing of a *prima facie* claim of copyright infringement, it finds Defendant's arguments unpersuasive. Defendant asserts that several of the allegedly-infringed Works'

- 8 -

copyrights are pending, and the law in the Second Circuit is not settled as to whether infringement claims regarding pending copyrights are valid. (Dkt. 12-2 at 9); *see Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014) ("[T]he Federal Courts of Appeals are divided over whether a pending application satisfies § 411(a)'s requirement of copyright registration as a precondition to instituting an infringement action."). However, while several of Plaintiff's copyright registrations were pending at the time the Complaint was filed, Plaintiff alleges that all of the materials at issue have now received certificates of registration from the Copyright Office. (Dkt. 14-2 at 2-6); *see Levine v. Landy*, 832 F. Supp. 2d 176, 183 (N.D.N.Y. 2011) (denying the motion to dismiss on the grounds that the copyrights were not registered because "[f]ollowing the filing of the complaint and the briefing of the instant motion, plaintiff received registration certificates for all four of the works at issue").

In addition, Defendant relies on an unreported decision from the Southern District of New York in support of her/his argument that the Complaint fails to state a claim. (*See* Dkt. 12-2 at 8-9 (citing *Strike 3 Holdings, LLC v. John Doe*, No. 1:17-cv-08956 (AKH), Dkt. 15 at 2 (S.D.N.Y. Mar. 8, 2018)). Defendant's reliance upon this decision is misplaced. The court there stated that the exhibit attached to the complaint did not provide the copyright registration numbers or any other identifying information for the copyrighted material, and that consequently the complaint did not "contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* at 2 (quotation and citation omitted). In contrast, the Complaint in the instant case contains copyright registration numbers for each of the materials alleged to be infringed upon, and the names of the Works can be

obtained free of charge on the Copyright Office's website using said registration numbers. (Dkt. 1-1 at 1-5). Consequently, the reasoning advanced by the Southern District case is inapplicable here.

Defendant also contends that pornography is not categorically protected by copyright law, and Plaintiff's materials could be obscene and therefore invalid. (Dkt. 12-2 at 9-10). "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright, but the alleged infringer may rebut that presumption." *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012); *see* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). "The party challenging the validity of the copyright has the burden to prove the contrary." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999). If a video "is considered obscene, it *may* not be eligible for copyright protection." *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (emphasis added).

In the matter before the Court, Plaintiff has alleged it possesses certificates of copyright registration for all the Works at issue (Dkt. 1 at ¶¶ 31-32; Dkt. 14-2 at 2-6), which establishes *prima facie* evidence of Plaintiff's ownership of valid copyrights and shifts the burden to Defendant to challenge their validity. *Hamil Am. Inc.*, 193 F.3d at 98. Courts within the Second Circuit are split on whether a finding of obscenity resolves the copyright infringement claim. *See Next Phase*, 284 F.R.D. at 171 ("[J]udges across the country and within this district have reached different conclusions on this issue."); *Devils Films, Inc. v.*

*Nectar Video*, 29 F. Supp. 2d 174, 177 (S.D.N.Y. 1998) ("Once a court has determined that copyrighted material is obscene, there seems no reason to require it to expend its resources on behalf of a plaintiff who it could as readily be trying for a violation of the federal criminal law."); *Nova Prods., Inc. v. Kisma Video, Inc.*, Nos. 02 Civ. 3850(HB), 02 Civ. 6277(HB), 03 Civ. 3379(HB), 2004 WL 2754685, at *3 (S.D.N.Y. Dec. 1, 2004) ("[E]ven if the videos were ultimately proven to be obscene . . . this would not be a defense to copyright infringement."). However, the Court need not reach this issue because Defendant has not presented any evidence that the Works are obscene and has therefore not met her/his burden, at least at this stage of the litigation. The Court accordingly denies Defendant's motion on the grounds that Plaintiff failed to state a claim.

### E. Advancement of Plaintiff's Claim

Defendant also argues that the Court should quash the third-party subpoena because the subpoenaed information will not advance Plaintiff's claim. To the contrary, the Court finds the information will advance Plaintiff's claim—indeed, it is necessary for this litigation to proceed.

The "need for the subpoenaed information to advance the claim" is a factor courts should consider when determining whether a motion to quash should be granted. *Arista Records*, 604 F.3d at 119. In this case, Plaintiff seeks to obtain Defendant's identity and address so that it can properly serve Defendant (Dkt. 5 at 11-12), and service of process "is critical to [Plaintiff's] ability to pursue litigation." *Sony Music*, 326 F. Supp. 2d at 566; *see John Wiley*, 284 F.R.D. at 190 ("Ascertaining the identities and residences of the Doe defendants is critical to [the plaintiff's] ability to pursue litigation, for without this

information, [the plaintiff] will be unable to serve process." (citation omitted)); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15-CV-7788 (KMW), 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016) ("[T]he information sought is 'central' in this suit. Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim."). Consequently, Plaintiff needs the subpoenaed information to advance its claim, and the Court will not quash the subpoena on this ground.

Defendant asserts that obtaining her/his identifying information will not advance Plaintiff's claim because s/he did not live at the address at the time the Works were allegedly downloaded and because an IP address may not sufficiently identify copyright infringers. (Dkt. 12-2 at 10-12). If these assertions prove true, they may be persuasive defenses to Plaintiff's allegations;[1] however, Defendant's general denial of liability is not

---

[1] Some Second Circuit courts have been persuaded by such assertions when deciding whether to grant the plaintiff leave to serve a third-party subpoena, but in those cases, the plaintiff had also engaged in improper litigation strategies by using the defendant's personal information as leverage for settlement. *See Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-39, 241 (E.D.N.Y. 2012) (denying the plaintiff leave to serve a third-party subpoena on the defendant's ISP because the court found the IP address alone was insufficient to establish the identity of the defendant and because the plaintiff had used improper litigation tactics); *Malibu Media, LLC v. Doe*, No. 15 Civ. 4369(AKH), 2015 WL 4092417, at *5-6 (S.D.N.Y. July 6, 2015) ("*Malibu No. 15 Civ. 4369*") (denying the plaintiff leave to serve a third-party subpoena, partially because it found the IP address may not be sufficient to identify the infringer, but also partially because of the plaintiff's flagrant history of clearly attempting to embarrass the defendants). However, here, the Court has already granted Plaintiff leave to serve a third-party subpoena, there is no evidence that Plaintiff has engaged in abusive tactics, and the Court has issued the Protective Order to diminish the risk that Plaintiff could use the information as an instrument of abuse. *See Malibu No. 15-cv-3147*, 2016 WL 5478433, at *3 (finding the *Malibu No. 15 Civ. 4369* court's reasoning unpersuasive because the *Malibu No. 15-cv-3147* court had already

a proper basis for quashing a subpoena. *Strike 3*, No. 17-CV-9659, 2018 WL 2371730, at *2 ("[A] general denial of liability is not a basis for quashing a subpoena." (quotation, alteration, and citation omitted)); *see Malibu* No. 14-CV-4808, 2016 WL 4574677, at *6 ("[W]hether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the [subpoena]."); *John Wiley & Sons, Inc. v. Doe Nos. 1-44*, No. 12 Civ. 1568(WHP), 2012 WL 3597075, at *2 (S.D.N.Y. Aug. 21, 2012) (holding the defendant's claims that the plaintiff was "participating in a shake-down campaign" and "that an IP address is not a reliable means of identifying a specific BitTorrent user" were premature because they challenged the defendant's "liability rather than the propriety of the subpoena").

### F. Improper Workaround to Digital Millennium Copyright Act

Defendant alleges that Plaintiff's lawsuit is an improper work-around to the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"). The Court rejects this argument.

The DMCA permits the clerk of court for a federal district "to issue a subpoena to a service provider for identification of an alleged infringer." 17 U.S.C. § 512(h). While the Second Circuit has yet to weigh in on the issue, other circuits have held that this provision does not apply to a copyright owner who requests a subpoena for an ISP acting as a conduit for data transferred between two internet users. *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 777-78 (8th Cir. 2005) (holding the DMCA

---

determined that the plaintiff could serve a subpoena on the defendant's ISP and because it had issued a protective order in connection with the subpoena).

does not authorize copyright owners to serve subpoenas on ISPs to obtain personal information about the ISP's subscribers who transmit copyrighted works using peer-to-peer file sharing computer programs); *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233-39 (D.C. Cir. 2003) (holding a subpoena may not be issued under the DMCA to an ISP acting only as a conduit for data transferred between two internet users). The Court need not decide whether it agrees with this interpretation, because even assuming the DMCA applied here, the statute does not prohibit copyright owners from requesting such a subpoena through other mechanisms such as Rule 45. *See Strike 3 Holdings, LLC, v. Doe*, No. 18-774 (DWF/DTS), 2018 WL 4210202, at *2 (D. Minn. Sept. 4, 2018) ("*Strike 3, No. 18-774*") ("[T]he DMCA does not *prohibit* the issuance of a subpoena, and Rule 45 remains an avenue for such discovery." (emphasis in original)). Therefore, the issuance of a subpoena pursuant to Rules 26(d)(1) and 45 did not violate the DMCA.

Defendant's reliance on the unreported opinion of a Minnesota magistrate judge is misplaced. (Dkt. 12-2 at 13-15). The court there held that allowing service of a subpoena on a third-party ISP conflicted with the privacy provisions of the DMCA and the Communications Act, 47 U.S.C. § 551(c). *Strike 3 Holdings, LLC v. John Doe*, No. 18-cv-768 (DSD/FLN), 2018 WL 1924455 (D. Minn. Apr. 24, 2018). However, the opinion did not acknowledge that an exception within the Communications Act permits such a subpoena. 47 U.S.C. §§ 551(c)(1)-(2) ("A cable operation may disclose [personally identifiable information concerning any subscriber] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by

the person to whom the order is directed.").[2] Additionally, the overwhelming majority of opinions in similar cases, including those from the District of Minnesota, have granted leave to serve a third-party subpoena pursuant to 47 U.S.C. § 551(c)(2)(B), so the decision relied on by Defendant has carried little weight even within its own district. *See, e.g., Strike 3, No. 18-774*, 2018 WL 4210202, at *1-2 (holding Rule 26(d)(1) permitted the court to authorize service of a third-party subpoena and following the framework laid out in *Arista Records*, 604 F.3d at 119); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-0778 (PJS/HB), 2018 WL 2278111, at *3-5 (D. Minn. May 18, 2018) (same); *see also Malibu Media, LLC v. Doe*, No. 18-cv-10667, 2018 WL 1122012, at *2 (E.D. Mich. Mar. 1, 2018) (same). The Court is accordingly not persuaded that the subpoena is an improper work-around to the provisions of the DMCA.

Defendant also implores the Court to stop what it characterizes as the "early stages of copyright troll litigation." (Dkt. 12-2 at 14-15). Defendant accuses Plaintiff of having no real intention to litigate, and contends Plaintiff filed these lawsuits as a way to obtain the identities of the alleged infringers at the expense of judicial resources and in circumvention of the avenues Congress sought to provide to similar plaintiffs. (*Id.*). The record before the Court does not support Defendant's accusations. While the vast majority of Plaintiff's lawsuits do appear to end in voluntary dismissal after Plaintiff receives the Court's permission to serve a third-party subpoena on a defendant's ISP, *see, e.g., Strike 3 v. John Doe*, No. 1:18-cv-00570 (EAW), Dkt. 13 (W.D.N.Y Oct. 23, 2018); *Strike 3 v.*

---

[2]  The Court referred to this provision in its Protective Order and instructed the recipient of the subpoena to comply with the statute's requirements. (Dkt. 10 at 6-7).

*John Doe*, No. 1:18-cv-00684 (EAW), Dkt. 12 (W.D.N.Y Oct. 23, 2018), Plaintiff has proceeded to file an amended complaint in at least one other lawsuit before this Court, indicating that Plaintiff is ready and willing to litigate the cases it files. *Strike 3 v. John Doe*, No. 6:18-cv-06582 (EAW), Dkt. 7 (W.D.N.Y Nov. 7, 2018). Additionally, there is no evidence that Plaintiff has engaged in any of the abusive practices used by similar plaintiffs, such as exploiting Defendant's identifying information as leverage for settlement, *see Malibu No. 15 Civ. 4369*, 2015 WL 4092417, at *5-6 (denying the plaintiff leave to serve a third-party subpoena, partially because of the plaintiff's flagrant history of clearly attempting to embarrass the defendants using their personal identifying information), or filing one lawsuit against numerous John Does as a way to circumvent filing fees, *see Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170(CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) ("[F]orcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse."). Because there is no evidence to support Defendant's conclusory claims that Plaintiff is engaging in copyright troll litigation tactics in the instant lawsuit, and because the subpoena was not granted in circumvention of the DMCA, the Court denies Defendant's motion to quash on these grounds.

II. **Request to Proceed Anonymously**

Defendant requests that the Court allow Defendant to litigate this case without disclosing its identifying information to Plaintiff. (Dkt. 12-2 at 15-16). While the Court denies Defendant's request in part, it grants it to the extent that Defendant may now be identified in public filings only as "John Doe subscriber assigned IP address 69.204.6.161."

Defendant relies on *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012) for its request to proceed through the litigation anonymously. (Dkt. 12-2 at 16). In that decision, the court adopted the report and recommendation of a magistrate judge who found that the plaintiff's abusive litigation tactics merited extra protection of defendant's privacy. *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 90 (E.D.N.Y. 2012). The report recommended that the court grant the plaintiff permission to serve a third-party subpoena on the ISP, but then instruct the ISP to submit the defendant's name and address directly to the court *ex parte* and under seal. *Id.* at 93. The court would then hold a status conference with the defendant present and provide the sealed information to the plaintiff. *Id.*

The Court does not find such procedures necessary in the instant matter, at least based on the present record before the Court. First, even the heightened measures instituted by the *Patrick Collins* court would not completely maintain Defendant's anonymity from Plaintiff—the information necessary for service would eventually be disclosed during a status conference. Additionally, as previously discussed, there is no evidence that Plaintiff has, as of the date of this Decision and Order, engaged in the abusive litigation tactics used by the *Patrick Collins* plaintiff. To the contrary, Plaintiff has repeatedly indicated that it respects Defendant's privacy concerns. (Dkt. 5 at 12-13 (encouraging the Court to establish procedural safeguards that will protect Defendant's privacy interest); Dkt. 14 at 14 (agreeing that Defendant should be allowed to remain pseudonymous throughout the instant litigation)). Unless and until there is some sign that Plaintiff may misuse

Defendant's personal information, the Court finds the measures utilized by the *Patrick Collins* court to not be necessary here.

Disclosure of the identifying information to Plaintiff's counsel is a necessary prerequisite to the litigation being advanced—this was part of the Court's reasoning for allowing the subpoena. Those goals cannot be accomplished by only allowing disclosure to the Court. However, Plaintiff has stated that it would not be opposed to allowing Defendant to proceed in this litigation pseudonymously as "John Doe" instead of using Defendant's initials in the public filings as is authorized by the Protective Order. (Dkt. 10 at 7). The Court agrees that this will provide additional protections under the circumstances of this case, and therefore the Protective Order is amended so that Defendant must now be referred to only as "John Doe subscriber assigned IP address 69.204.6.161" in any public filings, not by the initials of her/his first and last name, until further order of the Court. All other protections previously set forth in the Court's Protective Order, including that any information disclosed pursuant to the subpoena may only be used for purposes of the litigation and must be kept confidential (Dkt. 10 at 7), remain in place.

### III. Motion for Extension of Time

Plaintiff has moved for the Court to grant an extension of the time to serve its Complaint. (Dkt. 11). Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff seeks an extension of time because Plaintiff was granted leave in the Court's Protective Order to serve a third-party subpoena on

Defendant's ISP to obtain Defendant's identifying information. (Dkt. 11 at ¶¶ 4-6). The ISP has not yet responded due to the pending status of the instant motion to quash, which rendered Plaintiff unable to comply with the current service deadline. "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe*, No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016). Therefore, pending Plaintiff's receipt of Defendant's identifying information from the ISP, Plaintiff's motion for an extension of time is granted, and Plaintiff must effectuate service on or before January 9, 2019.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Quash (Dkt. 12) is denied. Defendant's request to proceed anonymously in the litigation (Dkt. 12-2 at 15-16) is denied in part and granted in part, and the Protective Order (Dkt. 10) is amended so that Plaintiff is no longer authorized to use the initials of Defendant's first and last name in public filings. Defendant must now, in any public filing, only be referred to as "John Doe subscriber assigned IP address 69.204.6.161." Plaintiff's Motion for Extension of Time (Dkt. 11) is granted, and Plaintiff must effectuate service on or before January 9, 2019.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 26, 2018
      Rochester, New York